IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GAIL CHITWOOD                                                                               PLAINTIFF

V.                                           NO. 14-5121

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Gail Chitwood, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §402(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on September 30, 2011, alleging an inability to work since December 31, 2009, due to Post Traumatic Stress Disorder (PTSD); borderline personality disorder, and anxiety. (Tr. 130-139, 166, 171). An administrative hearing was held on August 16, 2012, at which Plaintiff appeared with counsel and testified.

By written decision dated February 1, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

1

depressive disorder, anxiety disorder, and personality disorder. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is capable of working at unskilled work primarily working in a production situation where the job is predictable and there would not be a great deal of change in the job; primarily working with process, rather than working with other people; and which would not involve close interaction with co-workers and no interaction with the public.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff would not be able to perform her past relevant work, but there were other jobs Plaintiff would be able to perform, such as assembler, machine tenderer, and inspector. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 7, 2014. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10 ).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe

3

physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following issues in this matter: 1) Whether there was substantial evidence in the record to support the ALJ's decision; 2) Whether the ALJ failed to address all medical opinions of record; and 3) Whether the ALJ failed to properly assess Plaintiff's mental RFC. (Doc. 9).

### A.  Evaluation of Medical Records:

Plaintiff argues that the ALJ erred by failing to evaluate specific findings found in Ozark Guidance Counseling records and by failing to fully evaluate assigned Global Assessment of Functioning (GAF) scores of 40 to 50.

In his decision, the ALJ discussed Plaintiff's visits to Ozark Guidance Center, noting that the last time she visited there was in the winter. (Tr. 15). He noted that Plaintiff attended three counseling sessions, and was discharged in May of 2012. (Tr. 372). In the discharge summary, Nancy Ghormley, LPC, reported that Plaintiff was seen for Diagnostic Intake and three individual sessions, and at the last session, Plaintiff appeared more positive, was able to talk about steps she was taking with custody issues with her ex-husband and about taking

4

control of health issues, and reported less anxiety since taking Paxil, although she was experiencing nausea and feeling sleepy. (Tr. 373). It was also reported that Plaintiff was sent a follow-up letter and that she called and set up an appointment but did not keep the appointment. (Tr. 373). At the hearing, Plaintiff testified that Ozark Guidance reduced her bill, and that she could pay it and reschedule an appointment. (Tr. 52). It is noteworthy that although Plaintiff's alleged onset date is December 31, 2009, she did not begin receiving mental health treatment from any facility until December 6, 2011, because her lawyer sent her there for medication. (Tr. 263). The ALJ may discount subjective complaints based on a failure to pursue regular medical treatment. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003). The Court also notes that in one of the reports from Ozark Guidance, dated December 7, 2011, Nancy Scharfenberg, LPC, noted that Plaintiff had a "victim" mentality, and was motivated only for medications so she can get her disability, and did not appear too interested in therapy. (Tr. 270). See Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995)(plaintiff's encounters with doctors appeared to be linked primarily to obtain benefits, rather than to obtain medical treatment).

Plaintiff also complains that the ALJ did not address GAF scores that were contained in the Ozark Guidance records. In a December 6, 2011 report, Nancy Scharfenberg, LPC, assigned Plaintiff a GAF score of 41. (Tr. 267). This same score was given in a January 20, 2012 report, written by Nancy Ghormley, LPC, and again on February 24, 2012, by Nancy Ghormley, LPC. (Tr. 359, 366). The Court first notes that neither of these individuals, Ms. Scharfenberg or Ms. Ghormley, are acceptable medical sources, and the ALJ was therefore not required to rely or place any significant weight on their assessments. In addition, Plaintiff was examined by Terry Efird, Ph.D., on November 8, 2011, wherein he assessed a GAF

Score of 60-70. (Tr. 243).  Finally, "[t]he Eighth Circuit has rejected an argument that the ALJ's failure to discuss GAF scores requires reversal." Martin ex rel. RTDR v. Colvin, No. 4:12-cv-00422, 2013 WL 4591374 at *7 (Aug. 28, 2013), citing Wright v. Astrue, 489 Fed. Appx. 148, 149 (8th Cir. 2012)(unpublished).

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's evaluation of the medical records.

### B.  Taliaferro Community Health Center Records:

Plaintiff argues that the ALJ failed to address "pertinent psychiatric admission from Taliaferro Community Health Center." (Doc. 9 at p. 15).  Plaintiff's stay at the Taliaferro Community Mental Health Center occurred on August 29, 2007, more than two years prior to the alleged onset date of December 31, 2009. (Tr. 376).  Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded."  Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006)(holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).  Plaintiff must support her allegation of disability with relevant medical evidence to establish she was disabled from December 31, 2009 through February 1, 2013, the date the ALJ issued his decision.  Plaintiff's reliance on records dated more than two years prior to her alleged onset date to support her allegations of disability is unavailing.

### C.  RFC Determination:

Plaintiff argues that the ALJ failed to properly assess Plaintiff's mental RFC.  RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is

assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.  "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'"  Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

In this case, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels with certain nonexertional limitations. (Tr. 150.  The ALJ noted that he considered all Plaintiff's symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence, and other evidence. (Tr. 15).  The ALJ also considered the medical opinions, and gave "greater weight" to the opinion of Dr. Efird. (Tr. 19).  In his opinion, Dr. Efird concluded that Plaintiff communicated and interacted in a reasonably socially adequate manner and in a reasonably intelligible and effective manner; had the capacity to perform basic cognitive tasks required for basic work

like activities; appeared able to track and respond adequately for the purposes of the evaluation; generally completed most tasks during the evaluation; had no remarkable problems with persistence during the evaluation; appeared to have the mental capacity to persist with tasks if desired; and appeared to be capable of performing basic work like tasks within a reasonable time frame. (Tr. 243).

Therefore, based upon the foregoing, as well as those reasons given in Defendant's well-reasoned brief, the Court finds there is substantial evidence to support the ALJ's RFC determination.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 27th day of July, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE